

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-401-CR

JUAN CARLOS FLORES                                                APPELLANT

V.

THE STATE OF TEXAS                                                     STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

After Appellant Juan Carlos Flores pled guilty pursuant to a plea bargain to burglary of a habitation, the trial court placed him on five years' deferred adjudication community supervision and imposed a $500 fine. Less than a year later, the State filed a petition to proceed to adjudication and amended it about six months later. Appellant entered an open plea of "true-but" to the State's

---

[1] See Tex. R. App. P. 47.4.

allegations in the petition that he had violated the conditions of his community supervision by using marijuana and by failing to complete counseling and "not true" to the allegation that he had committed a new offense. The trial court found all three allegations true, adjudicated Appellant's guilt, and sentenced him to five years' confinement.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.[3] This court afforded Appellant the opportunity to file a brief on his own behalf, but he did not.

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for the appellant to see if there is any

---

[2] 386 U.S. 738, 87 S. Ct. 1396 (1967).

[3] *See Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

arguable ground that may be raised on his behalf.[4]  Only then may we grant

counsel's motion to withdraw.[5]

We have carefully reviewed the record and counsel's brief.  We agree

with counsel that the appeal is wholly frivolous and without merit.  We find

nothing in the record that might arguably support the appeal.[6]  Consequently,

we grant the motion to withdraw and affirm the trial court's judgment.


PER CURIAM

PANEL:  DAUPHINOT, J.; CAYCE, C.J.; and MEIER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 18, 2009

---

[4] *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923.

[5] *See Penson v. Ohio*, 488 U.S. 75, 83–84, 109 S. Ct. 346, 351–52 (1988).

[6] *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).